UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| Antaeus Laurent Clark,<br><br>                     Petitioner,<br><br>        v.<br><br>Jeffrey A Uttecht<br><br>                     Respondent. | CASE NO. 3:20-cv-05054-RBL-DWC<br><br>ORDER |

The District Court has referred this action filed under 28 U.S.C. § 2254 to United States Magistrate Judge David W. Christel. On January 19, 2020, Petitioner Antaeus Laurent Clark initiated this action challenging his state court conviction and sentence. *See* Dkt. 1, 3. The Court has reviewed the Petition and Respondent's Answer. *See* Dkt. 3, 11, 12. There are two issues on which the Court seeks additional briefing before entering a report and recommendation on the Petition.

First, Petitioner signed and filed the Original Petition on January 19, 2020. *See* Dkt. 1, 3. Under the prison "mailbox rule," a petition is deemed filed for purposes of the statute of limitations for the Antiterrorism and Effective Death Penalty Act ("AEDPA") the moment it is

ORDER - 1

delivered to prison authorities for forwarding to the clerk of the district court. *See Patterson v. Stewart*, 251 F.3d 1243, 1245 n.2 (9th Cir. 2001). However, the Amended Petition states that it was signed and delivered to the prison authorities for filing on November 26, 2019, but the Amended Petition was not filed with the Court until March 8, 2020. *See* Dkt. 5. Petitioner is directed to show cause and provide an explanation of the date discrepancy between the Original Petition and Amended Petition and explain to the Court why it should not use the date the Original Petition was filed as the date the case was initiated.

Second, Petitioner was originally sentenced in state court in November 2017, but the superior court amended the judgment and sentence in December 2017. Dkt. 12, Exhibit 6. In the Answer, Respondent contends the Amended Petition is barred by the one-year statute of limitations. Dkt. 11. Respondent, however, does not address the discrepancy between the dates of the Original Petition and Amended Petition or whether Petitioner's amended judgment and sentence affect the statute of limitations analysis. *See* Dkt. 1, 3, 11, 12 at Exhibit 6.

For the Court to properly consider the statute of limitations as related to the grounds raised in the Amended Petition, the Court orders the following:

- Petitioner is directed to show cause on or before July 17, 2020 and provide an explanation of the date discrepancy between the Original Petition and Amended Petition and explain to the Court why it should not use the date the Original Petition was filed as the date the case was initiated.

- Respondent is directed to file, on or before July 31, 2020, a supplemental answer addressing whether the statute of limitations began anew when the amended judgment and sentence was entered on December 8, 2017 and may also provide additional briefing as to the date the case was initiated in reply to Petitioner's response to the Court's order.

1 • Petitioner may file a response to the supplemental answer addressing only the arguments raised by Respondent in the supplemental answer on or before August 14, 2020.

The Clerk of Court is directed to re-note the Petition and all pending motions (Dkt. 9) for consideration for August 14, 2020.

Dated this 24th day of June, 2020.

_David W. Christel_
United States Magistrate Judge